UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

DEBRA AUGER                              :
                                         :
        v.                               :   C.A. No. 09-622S
                                         :
MICHAEL J. ASTRUE                        :
Commissioner of the Social Security      :
Administration                           :

**REPORT AND RECOMMENDATION**

Lincoln D. Almond, United States Magistrate Judge

This matter is before the Court for judicial review of a final decision of the Commissioner of the Social Security Administration ("Commissioner") denying Disability Insurance Benefits ("DIB") under the Social Security Act (the "Act"), 42 U.S.C. § 405(g). Plaintiff filed her Complaint on December 23, 2009 seeking to reverse the decision of the Commissioner. On September 15, 2010, Plaintiff filed a Motion to Reverse Without or, Alternatively, With a Remand for a Rehearing the Commissioner's Final Decision. (Document No. 7). On November 29, 2010, the Commissioner filed a Motion for Order Affirming the Decision of the Commissioner. (Document No. 9). In response to a Show Cause Order[1] (Document No. 10) identifying a deficiency in the Commissioner's Brief, the Commissioner filed a Supplemental Brief on January 14, 2011. (Document No. 12).

This matter has been referred to me for preliminary review, findings and recommended disposition. 28 U.S.C. § 636(b)(1)(B); LR Cv 72. Based upon my review of the record, the parties' submissions and independent legal research, I find that there is not substantial evidence in this record to

---

[1] This is the second case in which I have had to issue a Show Cause Order to address the Commissioner's failure to file a brief in conformance with my standard Scheduling Order. See also Document No. 13 in Mardo v. Astrue, C.A. No. 07-281ML. Although there are grounds to do so, I will not recommend that Plaintiff's Motion to Remand be granted due to the Commissioner's non-conforming brief, and I will consider the Commissioner's Supplemental Brief and make a recommendation on the merits. However, the Commissioner is advised that he will not be given the benefit of the doubt in the future and that subsequent non-conforming briefs will not be considered and the claimant's motion to reverse/remand will be deemed unopposed and granted on that basis. My expectation is simple – the Commissioner's brief shall specifically address each of the arguments made by the claimant in his/her brief.

support the Commissioner's decision and findings that Plaintiff is not disabled within the meaning of the Act. Consequently, I recommend that the Commissioner's Motion for Order Affirming the Decision of the Commissioner (Document No. 9) be DENIED and that Plaintiff's Motion to Reverse Without or, Alternatively, With a Remand for a Rehearing the Commissioner's Final Decision be GRANTED. (Document No. 7).

## I.     PROCEDURAL HISTORY

Plaintiff filed an application for DIB on May 31, 2005 alleging disability since November 18, 2004. (Tr. 56-58). Plaintiff was insured for DIB through December 31, 2007. (Tr. 20). The application was denied initially (Tr. 46-48) and on reconsideration. (Tr. 52-54). Plaintiff requested an administrative hearing. (Tr. 55). On July 10, 2007, Administrative Law Judge V. Paul McGinn held a hearing at which Plaintiff, represented by counsel, a vocational expert ("VE") and a medical expert ("ME") appeared and testified. (Tr. 457-477). Additional medical evidence was submitted after the hearing. Therefore, a second hearing was held on November 9, 2007 before Administrative Law Judge Hugh B. Atkins, however, no testimony was taken at that hearing. (Tr. 478-480). The matter was then rescheduled before ALJ Barry H. Best and a third hearing was held on March 24, 2008. (Tr. 481-510). The ALJ issued a decision unfavorable to Plaintiff on April 24, 2008. (Tr. 16-26). The Appeals Council denied Plaintiff's request for review on October 27, 2009. (Tr. 7-9). A timely appeal was then filed with this Court.

## II.     THE PARTIES' POSITIONS

Plaintiff argues that the ALJ failed to properly consider her pain and credibility and failed to give sufficient weight to treating physician opinions. In addition, she contends that the ALJ improperly relied upon inaccurate testimony given by the medical expert, Dr. Kaplan.

The Commissioner disputes Plaintiff's claims and argues that the ALJ properly determined that Plaintiff's subjective complaints were not entirely credible and properly considered the treating physician opinions and the testimony of the medical expert.

**III.  THE STANDARD OF REVIEW**

The Commissioner's findings of fact are conclusive if supported by substantial evidence. 42 U.S.C. § 405(g). Substantial evidence is more than a scintilla – i.e., the evidence must do more than merely create a suspicion of the existence of a fact, and must include such relevant evidence as a reasonable person would accept as adequate to support the conclusion. Ortiz v. Sec'y of Health and Human Servs., 955 F.2d 765, 769 (1st Cir. 1991) (per curiam); Rodriguez v. Sec'y of Health and Human Servs., 647 F.2d 218, 222 (1st Cir. 1981).

Where the Commissioner's decision is supported by substantial evidence, the court must affirm, even if the court would have reached a contrary result as finder of fact. Rodriguez Pagan v. Sec'y of Health and Human Servs., 819 F.2d 1, 3 (1st Cir. 1987); Barnes v. Sullivan, 932 F.2d 1356, 1358 (11th Cir. 1991). The court must view the evidence as a whole, taking into account evidence favorable as well as unfavorable to the decision. Frustaglia v. Sec'y of Health and Human Servs., 829 F.2d 192, 195 (1st Cir. 1987); Parker v. Bowen, 793 F.2d 1177 (11th Cir. 1986) (court also must consider evidence detracting from evidence on which Commissioner relied).

The court must reverse the ALJ's decision on plenary review, however, if the ALJ applies incorrect law, or if the ALJ fails to provide the court with sufficient reasoning to determine that he or she properly applied the law. Nguyen v. Chater, 172 F.3d 31, 35 (1st Cir. 1999) (per curiam); accord Cornelius v. Sullivan, 936 F.2d 1143, 1145 (11th Cir. 1991). Remand is unnecessary where all of the essential evidence was before the Appeals Council when it denied review, and the evidence establishes

without any doubt that the claimant was disabled. Seavey v. Barnhart, 276 F.3d 1, 11 (1st Cir. 2001) citing, Mowery v. Heckler, 771 F.2d 966, 973 (6th Cir. 1985).

The court may remand a case to the Commissioner for a rehearing under sentence four of 42 U.S.C. § 405(g); under sentence six of 42 U.S.C. § 405(g); or under both sentences. Seavey, 276 F.3d at 8. To remand under sentence four, the court must either find that the Commissioner's decision is not supported by substantial evidence, or that the Commissioner incorrectly applied the law relevant to the disability claim. Id.; accord Brenem v. Harris, 621 F.2d 688, 690 (5th Cir. 1980) (remand appropriate where record was insufficient to affirm, but also was insufficient for district court to find claimant disabled).

Where the court cannot discern the basis for the Commissioner's decision, a sentence-four remand may be appropriate to allow her to explain the basis for her decision. Freeman v. Barnhart, 274 F.3d 606, 609-610 (1st Cir. 2001). On remand under sentence four, the ALJ should review the case on a complete record, including any new material evidence. Diorio v. Heckler, 721 F.2d 726, 729 (11th Cir. 1983) (necessary for ALJ on remand to consider psychiatric report tendered to Appeals Council). After a sentence four remand, the court enters a final and appealable judgment immediately, and thus loses jurisdiction. Freeman, 274 F.3d at 610.

In contrast, sentence six of 42 U.S.C. § 405(g) provides:

> The court...may at any time order additional evidence to be taken before the Commissioner of Social Security, but only upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding;

42 U.S.C. § 405(g). To remand under sentence six, the claimant must establish: (1) that there is new, non-cumulative evidence; (2) that the evidence is material, relevant and probative so that there is a reasonable possibility that it would change the administrative result; and (3) there is good cause for

failure to submit the evidence at the administrative level.  See Jackson v. Chater, 99 F.3d 1086, 1090-1092 (11th Cir. 1996).

A sentence six remand may be warranted, even in the absence of an error by the Commissioner, if new, material evidence becomes available to the claimant.  Id.  With a sentence six remand, the parties must return to the court after remand to file modified findings of fact.  Id.  The court retains jurisdiction pending remand, and does not enter a final judgment until after the completion of remand proceedings.  Id.

**IV.     THE LAW**

The law defines disability as the inability to do any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months.  42 U.S.C. §§ 416(i), 423(d)(1); 20 C.F.R. § 404.1505.  The impairment must be severe, making the claimant unable to do her previous work, or any other substantial gainful activity which exists in the national economy.  42 U.S.C. § 423(d)(2); 20 C.F.R. §§ 404.1505-404.1511.

**A.     Treating Physicians**

Substantial weight should be given to the opinion, diagnosis and medical evidence of a treating physician unless there is good cause to do otherwise.  See Rohrberg v. Apfel, 26 F. Supp. 2d 303, 311 (D. Mass. 1998); 20 C.F.R. § 404.1527(d).  If a treating physician's opinion on the nature and severity of a claimant's impairments, is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in the record, the ALJ must give it controlling weight.  20 C.F.R. § 404.1527(d)(2).  The ALJ may discount a treating physician's opinion or report regarding an inability to work if it is unsupported by objective medical evidence or is wholly conclusory.  See Keating v. Sec'y of Health and Human Servs., 848 F.2d 271, 275-276 (1st Cir. 1988).

Where a treating physician has merely made conclusory statements, the ALJ may afford them such weight as is supported by clinical or laboratory findings and other consistent evidence of a claimant's impairments. See Wheeler v. Heckler, 784 F.2d 1073, 1075 (11th Cir. 1986). When a treating physician's opinion does not warrant controlling weight, the ALJ must nevertheless weigh the medical opinion based on the (1) length of the treatment relationship and the frequency of examination; (2) the nature and extent of the treatment relationship; (3) the medical evidence supporting the opinion; (4) consistency with the record as a whole; (5) specialization in the medical conditions at issue; and (6) other factors which tend to support or contradict the opinion. 20 C.F.R § 404.1527(d). However, a treating physician's opinion is generally entitled to more weight than a consulting physician's opinion. See 20 C.F.R. § 404.1527(d)(2).

The ALJ is required to review all of the medical findings and other evidence that support a medical source's statement that a claimant is disabled. However, the ALJ is responsible for making the ultimate determination about whether a claimant meets the statutory definition of disability. 20 C.F.R. § 404.1527(e). The ALJ is not required to give any special significance to the status of a physician as treating or non-treating in weighing an opinion on whether the claimant meets a listed impairment, a claimant's residual functional capacity (see 20 C.F.R. §§ 404.1545 and 404.1546), or the application of vocational factors because that ultimate determination is the province of the Commissioner. 20 C.F.R. § 404.1527(e). See also Dudley v. Sec'y of Health and Human Servs., 816 F.2d 792, 794 (1st Cir. 1987).

### B. Developing the Record

The ALJ has a duty to fully and fairly develop the record. Heggarty v. Sullivan, 947 F.2d 990, 997 (1st Cir. 1991). The Commissioner also has a duty to notify a claimant of the statutory right to retained counsel at the social security hearing, and to solicit a knowing and voluntary waiver of that right if counsel is not retained. See 42 U.S.C. § 406; Evangelista v. Sec'y of Health and Human Servs., 826

F.2d 136, 142 (1st Cir. 1987). The obligation to fully and fairly develop the record exists if a claimant has waived the right to retained counsel, and even if the claimant is represented by counsel. Id. However, where an unrepresented claimant has not waived the right to retained counsel, the ALJ's obligation to develop a full and fair record rises to a special duty. See Heggarty, 947 F.2d at 997, citing Currier v. Sec'y of Health Educ. and Welfare, 612 F.2d 594, 598 (1st Cir. 1980).

### C. Medical Tests and Examinations

The ALJ is required to order additional medical tests and exams only when a claimant's medical sources do not give sufficient medical evidence about an impairment to determine whether the claimant is disabled. 20 C.F.R. § 416.917; see also Conley v. Bowen, 781 F.2d 143, 146 (8th Cir. 1986). In fulfilling his duty to conduct a full and fair inquiry, the ALJ is not required to order a consultative examination unless the record establishes that such an examination is necessary to enable the ALJ to render an informed decision. Carrillo Marin v. Sec'y of Health and Human Servs., 758 F.2d 14, 17 (1st Cir. 1985).

### D. The Five-step Evaluation

The ALJ must follow five steps in evaluating a claim of disability. See 20 C.F.R. §§ 404.1520, 416.920. First, if a claimant is working at a substantial gainful activity, she is not disabled. 20 C.F.R. § 404.1520(b). Second, if a claimant does not have any impairment or combination of impairments which significantly limit her physical or mental ability to do basic work activities, then she does not have a severe impairment and is not disabled. 20 C.F.R. § 404.1520(c). Third, if a claimant's impairments meet or equal an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1, she is disabled. 20 C.F.R. § 404.1520(d). Fourth, if a claimant's impairments do not prevent her from doing past relevant work, she is not disabled. 20 C.F.R. § 404.1520(e). Fifth, if a claimant's impairments (considering her residual functional capacity, age, education, and past work) prevent her from doing other work that exists

in the national economy, then she is disabled. 20 C.F.R. § 404.1520(f). Significantly, the claimant bears the burden of proof at steps one through four, but the Commissioner bears the burden at step five. Wells v. Barnhart, 267 F. Supp. 2d 138, 144 (D. Mass. 2003) (five-step process applies to both SSDI and SSI claims).

In determining whether a claimant's physical and mental impairments are sufficiently severe, the ALJ must consider the combined effect of all of the claimant's impairments, and must consider any medically severe combination of impairments throughout the disability determination process. 42 U.S.C. § 423(d)(2)(B). Accordingly, the ALJ must make specific and well-articulated findings as to the effect of a combination of impairments when determining whether an individual is disabled. Davis v. Shalala, 985 F.2d 528, 534 (11th Cir. 1993).

The claimant bears the ultimate burden of proving the existence of a disability as defined by the Social Security Act. Seavey, 276 F.3d at 5. The claimant must prove disability on or before the last day of her insured status for the purposes of disability benefits. Deblois v. Sec'y of Health and Human Servs., 686 F.2d 76 (1st Cir. 1982), 42 U.S.C. §§ 416(i)(3), 423(a), (c). If a claimant becomes disabled after she has lost insured status, her claim for disability benefits must be denied despite her disability. Id.

### E. Other Work

Once the ALJ finds that a claimant cannot return to her prior work, the burden of proof shifts to the Commissioner to establish that the claimant could perform other work that exists in the national economy. Seavey, 276 F.3d at 5. In determining whether the Commissioner has met this burden, the ALJ must develop a full record regarding the vocational opportunities available to a claimant. Allen v. Sullivan, 880 F.2d 1200, 1201 (11th Cir. 1989). This burden may sometimes be met through exclusive reliance on the Medical-Vocational Guidelines (the "grids"). Seavey, 276 F.3d at 5. Exclusive reliance

on the "grids" is appropriate where the claimant suffers primarily from an exertional impairment, without significant non-exertional factors. Id.; see also Heckler v. Campbell, 461 U.S. 458, 103 S. Ct. 1952, 76 L.Ed.2d 66 (1983) (exclusive reliance on the grids is appropriate in cases involving only exertional impairments, impairments which place limits on an individual's ability to meet job strength requirements).

Exclusive reliance is not appropriate when a claimant is unable to perform a full range of work at a given residual functional level or when a claimant has a non-exertional impairment that significantly limits basic work skills. Nguyen, 172 F.3d at 36. In almost all of such cases, the Commissioner's burden can be met only through the use of a vocational expert. Heggarty, 947 F.2d at 996. It is only when the claimant can clearly do unlimited types of work at a given residual functional level that it is unnecessary to call a vocational expert to establish whether the claimant can perform work which exists in the national economy. See Ferguson v. Schweiker, 641 F.2d 243, 248 (5th Cir. 1981). In any event, the ALJ must make a specific finding as to whether the non-exertional limitations are severe enough to preclude a wide range of employment at the given work capacity level indicated by the exertional limitations.

    1.    **Pain**

"Pain can constitute a significant non-exertional impairment." Nguyen, 172 F.3d at 36. Congress has determined that a claimant will not be considered disabled unless he furnishes medical and other evidence (e.g., medical signs and laboratory findings) showing the existence of a medical impairment which could reasonably be expected to produce the pain or symptoms alleged. 42 U.S.C. § 423(d)(5)(A). The ALJ must consider all of a claimant's statements about his symptoms, including pain, and determine the extent to which the symptoms can reasonably be accepted as consistent with the objective medical evidence. 20 C.F.R. § 404.1528. In determining whether the medical signs and laboratory findings show

medical impairments which reasonably could be expected to produce the pain alleged, the ALJ must apply the First Circuit's six-part pain analysis and consider the following factors:

>   (1) The nature, location, onset, duration, frequency, radiation, and intensity of any pain;
>
>   (2) Precipitating and aggravating factors (e.g., movement, activity, environmental conditions);
>
>   (3) Type, dosage, effectiveness, and adverse side-effects of any pain medication;
>
>   (4) Treatment, other than medication, for relief of pain;
>
>   (5) Functional restrictions; and
>
>   (6) The claimant's daily activities.

Avery v. Sec'y of Health and Human Servs., 797 F.2d 19, 29 (1st Cir. 1986). An individual's statement as to pain is not, by itself, conclusive of disability. 42 U.S.C. § 423(d)(5)(A).

### 2. Credibility

Where an ALJ decides not to credit a claimant's testimony about pain, the ALJ must articulate specific and adequate reasons for doing so, or the record must be obvious as to the credibility finding. Rohrberg, 26 F. Supp. 2d at 309. A reviewing court will not disturb a clearly articulated credibility finding with substantial supporting evidence in the record. See Frustaglia, 829 F.2d at 195. The failure to articulate the reasons for discrediting subjective pain testimony requires that the testimony be accepted as true. See DaRosa v. Sec'y of Health and Human Servs., 803 F.2d 24 (1st Cir. 1986).

A lack of a sufficiently explicit credibility finding becomes a ground for remand when credibility is critical to the outcome of the case. See Smallwood v. Schweiker, 681 F.2d 1349, 1352 (11th Cir. 1982). If proof of disability is based on subjective evidence and a credibility determination is, therefore, critical to the decision, "the ALJ must either explicitly discredit such testimony or the implication must

be so clear as to amount to a specific credibility finding." Foote v. Chater, 67 F.3d 1553, 1562 (11th Cir. 1995) (quoting Tieniber v. Heckler, 720 F.2d 1251, 1255 (11th Cir. 1983)).

V.  **APPLICATION AND ANALYSIS**

Plaintiff was forty-three years old on the date of the ALJ's decision. (Tr. 56). Plaintiff obtained her GED in 1996 (Tr. 77) and has past relevant work as a teacher's assistant, housekeeper and packer/assembler. (Tr. 25). She stopped working on November 18, 2004 after being involved in a car accident. (Tr. 460). In her application, Plaintiff alleged disability due to back problems, joint pain, possible fibromyalgia or lupus. (Tr. 72). At the first ALJ hearing, Plaintiff indicated that she had been diagnosed with "rheumatoid lupus." (Tr. 461). However, at the third ALJ hearing, Plaintiff's counsel indicated that Plaintiff's "rheumatological diagnosis" remains unclear and that, although "she meets some of the criteria for fibromyalgia," she does not have a "definitive diagnosis" and does not fit all of the criteria for any particular rheumatologic condition. (Tr. 485).

Plaintiff had been involved in several car accidents resulting in neck and back pain (Tr. 174, 177, 259, 310, 423-424). Objective medical testing, including MRIs and neurological examination do not generally show anything clinically significant that would account for her complaints of pain. (Tr. 172, 183, 322-323, 331, 471-473, 488).

There was a question as to whether Plaintiff had fibromyalgia or lupus (Tr. 152, 177, 209-210, 221, 301). Lupus was ruled out as a diagnosis. (Tr. 188, 235, 489). Plaintiff was also never definitively diagnosed with fibromyalgia. (Tr. 152, 188, 221, 485, 487-488). On May 26, 2005, Dr. Scott Toder, a Rheumatologist, stated that Plaintiff did not have the true number of trigger points or significant sleep disturbance that would permit him to diagnose fibromyalgia. (Tr. 152, 487). A second rheumatologist, Dr. Stuart Schwartz, conducted a physical examination of Plaintiff on August 12, 2005. (Tr. 188). Plaintiff had been referred to Dr. Schwartz because of a positive ANA (Antinuclear Antibody test),

which dated back to at least May of 2005, and a recurrent rash. (Tr. 177, 183, 188). Dr. Schwartz's examination included an examination of Plaintiff's neck and peripheral joints. (Tr. 188). Dr. Schwartz opined that Plaintiff's rash was episodic and not due to an underlying systemic condition. (Tr. 188, 488). On November 16, 2005, Dr. George Pasquarello, Plaintiff's orthopedist, found 14/18 trigger points. (Tr. 209). He stated that the presence of the trigger points would be consistent with fibromyalgia, but for Plaintiff's history of positive ANA. (Tr. 209). Dr. Pasquarello did not diagnose Plaintiff with fibromyalgia. (Tr. 221, 352). Rather, he ultimately concluded that she suffered from a chronic pain syndrome. (Tr. 352, 407, 492-493). Plaintiff was treated conservatively. (Tr. 407).

Dr. Stephen Kaplan, an ME, testified at the ALJ hearings. (Tr. 457, 481). After extensively reviewing Plaintiff's medical records, Dr. Kaplan testified that Plaintiff suffered from polymorphous light eruption, a skin condition that could have aches and pains associated with it. (Tr. 490). He also testified that she suffered from minor abnormalities in her neck and back. (Tr. 488, 492-493). Dr. Kaplan further testified that she suffered from a chronic pain syndrome, but that she did not meet the criteria for a diagnosis of fibromyalgia. (Tr. 492).

### A. The ALJ's Decision

The ALJ found that Plaintiff's polymorphous light reaction skin condition and chronic pain syndrome with some underlying cervical and lumbar disc disease are "severe" impairments as defined in 20 C.F.R. § 404.1521. (Tr. 21-22). The ALJ assessed an RFC for a limited range of light work with restrictions on repetitive overhead reaching and a limited range of neck motion. (Tr. 23). The ALJ also found that Plaintiff could not work in areas unprotected from sunlight or certain non-fluorescent lighting, and was moderately impaired in her ability to maintain attention and concentration. Id. Based on this RFC and testimony from the VE, the ALJ determined at Step 4 that Plaintiff's past work as a packer/assembler was not precluded by her RFC. (Tr. 25). Alternatively, the ALJ indicated that, even

if Plaintiff's impairments precluded the performance of such prior work, she was able to perform other light, unskilled jobs existing in significant numbers in the economy and a finding of not disabled would also result at Step 5. (Tr. 25-26, n.8).

### B. The Basis for the ALJ's Credibility Determination is Not Adequately Explained

Plaintiff's first argument is that the ALJ's evaluation of her pain and credibility is legally insufficient. The ALJ concluded that Plaintiff's allegations of pain and functional limitation were "not found to have been of sufficient severity or credible to the extent to persuade him that for the period under adjudication the [Plaintiff] was incapable of performing work within the [determined] residual functional capacity." (Tr. 24). Although the ALJ discusses the medical record and briefly discusses Plaintiff's allegations and "described minimal daily activities," (Tr. 23-24), he does not specifically explain the rationale for his adverse credibility finding.

In assessing allegations of pain, the ALJ must consider the following factors:

1. The nature, location, onset, duration, frequency, radiation, and intensity of any pain;

2. Precipitating and aggravating factors (e.g., movement, activity, environmental conditions);

3. Type, dosage, effectiveness, and adverse side-effects of any pain medication;

4. Treatment, other than medication, for relief of pain;

5. Functional restrictions; and

6. The claimant's daily activities.

Avery v. Sec'y of Health and Human Servs., 797 F.2d 19, 29 (1st Cir. 1986). Where an ALJ decides to discredit a claimant's allegations, the ALJ must articulate specific and adequate reasons for doing so, or the record must be obvious as to the credibility finding. Rohrberg, 26 F. Supp. 2d at 309. See also DaRosa, 803 F.2d at 26 (ALJ must make "specific findings as to the relevant evidence he considered in

determining to disbelieve the [claimant]"). Social Security Ruling ("SSR") 96-7p was promulgated in part "to state the importance of explaining the reasons for the [ALJ's] finding about the credibility of the individual's statements in the disability determination or decision." It also advised that "[b]ecause symptoms, such as pain, sometimes suggest a greater severity of impairment than can be shown by objective medical evidence alone, any statements of the individual concerning his or her symptoms must be carefully considered." SSR 96-7p at *3. "When evaluating the credibility of an individual's statements, the [ALJ] must consider the entire case record and give <u>specific reasons</u> for the weight given to the individual's statements." Id. at *4. (emphasis added).

Here, Plaintiff testified in detail as to her pain and functional limitations at two ALJ hearings (Tr. 461-469, 496-500) and her husband provided corroborating testimony at the second ALJ hearing. (Tr. 501-504). While the ALJ generally noted the existence of such testimony, there is no specific discussion in the decision as to why it was discredited and to what extent. (Tr. 23-24). In his brief (Document No. 9 at p. 6), the Commissioner discusses the underlying record and suggests what reported activities of daily living "lend support to the ALJ's determination that Plaintiff's allegations of complete disability were not entirely credible." However, the Commissioner concedes that the ALJ "did not specifically recite the[se] activities...in his opinion" and thus the Commissioner is speculating as to the ALJ's reasons for finding Plaintiff's allegations lacking in credibility. Id. The Commissioner also contends that the ALJ acted properly in considering Plaintiff's "mild objective medical findings and her conservative treatment history." Id. at p. 7. However, the ALJ determined that Plaintiff suffered from a condition, chronic pain syndrome, which is generally a subjective diagnosis and, as to treatment, there is no indication in the record that more aggressive treatment options were available to Plaintiff and rejected by her or her treating physicians. In fact, when questioned about Plaintiff's chronic pain, the ME, Dr. Kaplan, testified that the condition is "really subjective" and "I have no bias against the individual

experiencing it and, you know, I'm not challenging their veracity. I'm just saying it's not associated with any observable medical changes or any changes that one can identify on laboratory testing." (Tr. 494). Thus, it was critical in this particular case to focus on the veracity of Plaintiff's subjective complaints and to explain why and to what extent the claimant is disbelieved.

This case presents a close call and ordinarily the ALJ's credibility determinations are entitled to considerable deference. However, Plaintiff and her husband testified in detail as to her pain and functional limitations, and her complaints are fairly consistent in the medical records over a substantial period of time. While the ALJ is, of course, not required to credit a claimant's subjective allegations of pain, he must provide an adequate explanation as to the reason(s) for his credibility determination. Since the ALJ did not do so with enough detail in this particular case, I recommend that this case be remanded for further evaluation and consideration. While the ultimate outcome may not change, Plaintiff is entitled to at least some explanation as to why the ALJ determined she was not fully credible.[2]

## VI. CONCLUSION

For the reasons discussed herein, I recommend that the Commissioner's Motion for Order Affirming the Decision of the Commissioner (Document No. 9) be DENIED and that Plaintiff's Motion to Reverse Without or, Alternatively, with a Remand for a Rehearing the Commissioner's Final Decision be GRANTED. (Document No. 7).

Any objection to this Report and Recommendation must be specific and must be filed with the Clerk of the Court within fourteen (14) days of its receipt. See Fed. R. Civ. P. 72(b); LR Cv 72. Failure to file specific objections in a timely manner constitutes waiver of the right to review by the District Court and the right to appeal the District Court's decision. See United States v. Valencia-Copete, 792 F.2d 4, 6 (1st Cir. 1986); Park Motor Mart, Inc. v. Ford Motor Co., 616 F.2d 603, 605 (1st Cir. 1980).

---

[2] Since I am recommending remand on Plaintiff's primary argument, it is not necessary to fully examine her alternative arguments regarding the ALJ's evaluation of the medical opinion evidence.

/s/   Lincoln D. Almond
LINCOLN D. ALMOND
United States Magistrate Judge
February 3, 2011